

# The Attorney General of Texas

May 2, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Raymon L. Bynum
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas    78701

Mr. Bob E. Bradley
Executive Director
Texas State Board of Public
    Accountancy
1033 La Posada, Suite 340
Austin, Texas    78752

Gentlemen:

Opinion No. JM-152

Re: Limitation on payment of per diem to members of the Texas State Board of Education and Texas State Board of Public Accountancy

You ask whether your respective board members' reimbursement for actual expenses, incurred while performing their official duties, is controlled by each board's individual statutory expense authorization or by article 6813f, V.T.C.S., in conjunction with the current appropriations act. Additionally, you ask whether the comptroller may validly limit the meals and lodging portion of per diem for members of boards and commissions to $75 under article V, section 4 of the current appropriations act.

We conclude that members of boards and commissions are entitled to per diem pursuant to article 6813f, in conjunction with the General Appropriations Acts. Acts 1983, 68th Leg., ch. 1095, art. V. However, the comptroller's limitation of reimbursement for actual expenses for meals and lodging to $75 per day is invalid because no clear, objective standards guide the limiting provision of the appropriations act. Article 6813f does not suspend specific laws prescribing the amount of per diem for board and commission members when the appropriations act fails to prescribe the amount of per diem.

Article 6813f states:

> Section 1. In this Act, 'state board or commission' means a board, commission, committee, council, or other similar agency in the state government that is composed of two or more members.

Sec. 2. A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.

Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act.

The General Appropriations Act purports to prescribe a limit on the amount of per diem for meals and lodging for board and commission members as follows:

As provided by authority of House Bill No. 957, Acts of the Sixty-seventh Legislature, Regular Session, the per diem of board or commission members shall consist of actual expenses for meals and lodging (not to exceed the maximum daily amount allowed as of the first of January of that year for federal income tax purposes as a deduction for ordinary and necessary business expenses) and transportation plus the amounts of compensatory per diem specifically authorized in this Act or as otherwise authorized by this Act.

Acts 1983, 68th Leg., ch. 1095, art. V, §4, p. 6201. The ceiling created on the portion of per diem allowed for meals and lodging is "the maximum daily amount allowed . . . for federal income tax purposes as a deduction for ordinary and necessary business expenses." Article V, section 4, does not expressly refer to specific provisions of the Internal Revenue Code. Because the Internal Revenue Code presently does not set a fixed maximum daily amount generally allowed as a deduction for ordinary and necessary business expenses, see 26 U.S.C. §162; Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 470 (1946), the language of section 4 is ambiguous.

Examination of the history of the current appropriations act reveals that committee members intended the language of article V, section 4 to tie the per diem limit to the Internal Revenue Code and

to set some sort of maximum per diem. Senate Bill No. 179 of the Sixty-eighth Legislature, which became the current appropriations act, article V, section 4, contained no limitation on actual expenses as it passed the Senate. The House version expressly provided that the per diem of board or commission members shall consist of actual expenses for meals and lodging not to exceed $75 per day. Tapes of the Conference Committee meeting on the two versions of section 4 indicate that committee members, by adding "I.R.S. language" as a limitation, had in mind a limitation of $75 per day. However, article V, section 4 of the current appropriations act does not, by its terms, impose a $75 limit on per diem, nor does it clearly direct the comptroller to adopt a $75 limit.

In light of the ambiguity of the limitation, the comptroller's interpretation, limiting the meals and lodging portion of per diem, appears reasonable. The comptroller's interpretation appears as follows:

> Pursuant to Tex. Rev. Civ. Stat. art. 6813f and Article V, Section 4 of the General Appropriations Act, members of boards and commissions engaged in the active discharge of their official duties shall receive:
>
> 1. For the year ending December 31, 1983, actual expenses for meals and lodging not to exceed $75 per day. For the years beginning January 1, 1984, and January 1, 1985, actual expenses for meals and lodging not to exceed the maximum allowed as a deduction for travel expenses of state legislators while away from home pursuant to 26 U.S.C. §162.

Travel Allowance Guide, 012, §1(a)(1), p. 38. The only express Internal Revenue Code reference to a limit on the per diem that may be deducted as an ordinary and necessary business expense is the limit on the amount allowed as a deduction for state legislators while away from home during legislative session. 26 U.S.C. §162(i)(1)(B)(ii). The maximum allowed under the Internal Revenue Code as a deduction for state legislators while away from home is

> the amount generally allowable with respect to such day to employees of the executive branch of the Federal Government for per diem while away from home . . . . (Emphasis added).

Id. The maximum per diem for federal employees traveling on official business in the United States is $75, subject to change in subsequent years. 5 U.S.C. §5702(c). Thus, the comptroller's interpretation

appears logical and consistent with legislative intent. However, the comptroller's interpretation is not the only plausible, reasonable interpretation of the legislative limit "not to exceed the maximum daily amount allowed as of the first of January of that year for federal income tax purposes as a deduction for ordinary and necessary business expenses," especially in light of the fact that the Internal Revenue Code itself sets no fixed, maximum per diem. Therefore, in order to determine the validity of the comptroller's interpretation, we must construe the language of article V, section 4 of the current appropriations act.

As indicated, the legislature linked the per diem limitation to "the maximum daily amount allowed as of the first of January of that year for federal income tax purposes as a deduction for ordinary and necessary business expenses." As demonstrated, this language is ambiguous. We conclude that the lack of legislatively expressed standards in article V, section 4 of the current appropriations act renders the per diem limitation unenforceable.

The legislature may delegate the task of making rules and determinations of fact to which existing law and legislative policy are to apply, but the legislature must provide standards to guide the exercise of delegated powers and duties. San Antonio Independent School District v. City of San Antonio, 550 S.W.2d 262 (Tex. 1976); Housing Authority of City of Dallas v. Higginbotham, 143 S.W.2d 79 (Tex. 1940). An administrative body may be given the authority to ascertain the conditions upon which an existing law may operate, and standards may be broad when conditions must be considered which cannot conveniently be investigated by the legislature. Housing Authority of City of Dallas v. Higginbotham, supra. However, statutory delegations of power may not be accomplished by language so broad and vague that persons of ordinary intelligence must guess at their meaning and differ as to their application. Texas Antiquities Committee v. Dallas County Community College District, 554 S.W.2d 924 (Tex. 1977); Browning-Ferris, Inc. v. Texas Department of Health, 625 S.W.2d 764 (Tex. App. – Austin, 1981, writ ref'd n.r.e.). The considerable controversy and confusion generated by the limiting language in the current appropriations act amply attest its failure to accomplish a clear purpose and its failure to provide standards to guide its enforcement.

Even if the comptroller were correct in construing article V, section 4 of the current appropriations act to permit the per diem limit to fluctuate in accordance with federal tax law, that provision fails to provide sufficient standards to limit and guide coordination with such federal statutes and regulations. See 5 U.S.C., §5702(c), 5707 (general services administration may set and change maximum federal per diem).

Delegations allowing fluctuating standards in certain circumstances have been recognized and approved in Texas. See San Antonio Independent School District v. City of San Antonio, supra; Cherokee County Electric Cooperative Association v. Public Utility Commission of Texas, 618 S.W.2d 127 (Tex. Civ. App. - Austin 1981, writ ref'd n.r.e.) (and cases cited therein); Attorney General Opinion MW-17 (1979). The purpose of such provisions is to allow adjustments in response to fluctuations in costs without the necessity for full-scale determinations each time costs increase or decrease. Cherokee County Electric Cooperative Association, 618 S.W.2d at 130. Such provisions are usually utilized in circumstances where sudden, drastic cost changes are expected. See, e.g., San Antonio Independent School District, supra (electric utility rates); Attorney General Opinion MW-17 (interest rates). However, such clauses cannot be arbitrary or standardless; they must contain limitations.

The Texas Supreme Court in San Antonio Independent School District upheld a delegation authorizing use of a fuel adjustment formula in setting rates because no discretion was left to the City Public Service Board except the computation of charges pursuant to the rate formula and the cost of fuel. The court favorably cited Attorney General Opinion H-741 (1975) which determined the validity of a fluctuating rate schedule because the schedule provided an objective formula to guide computation of future rates. Similarly, Attorney General Opinion MW-17 (1979) determined that an amendment to article 5069-1.02, V.T.C.S., which provided for "floating" interest rates, was constitutional because it allowed limited fluctuations and created an absolute maximum rate of interest. The fluctuating adjustment clause in Cherokee County Electric Cooperative Association, supra, was upheld in part because the Public Utility Commission set limits, and retail rate adjustments pursuant to the formula were subject to commission review and approval. Thus, even if the language in article V, section 4 of the current appropriations act was intended to adopt the $75 federal employee per diem limit, that limit is a fluctuating one, and the Texas legislature has provided the comptroller with no standards with which to apply the limit. We therefore conclude that article V, section 4 lacks legislatively expressed standards, thus rendering the comptroller's per diem limit of $75 unenforceable.

Section 3 of article 6813f states, in part, that "[i]f the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act." In this instance, as demonstrated, the General Appropriations Act fails to prescribe either a specific per diem amount or standards that can, from such an amount, be clearly determined. As a result, article 6813f does not suspend individual statutes which authorize reimbursement for board or commission members of actual expenses relating to the member's service on the board or commission.

## S U M M A R Y

Article V, section 4 of the current appropria-
tions act is ineffective in attempting to limit
the amount of per diem, for members of state
boards and commissions. Such per diem is to be
determined by the individual statutes or
appropriations act provisions which govern
specific boards and commissions.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Susan Garrison
Jim Moellinger
Nancy Sutton